Present: All the Justices

BENJAMIN B. WEITZ

v.  Record No. 002073   OPINION BY JUSTICE CYNTHIA D. KINSER
                                      June 8, 2001
DONALD E. HUDSON

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
James H. Chamblin, Judge


Pursuant to Code § 8.01-581.016, this case is an interlocutory appeal from an order denying an application to compel arbitration.[1]  Because we conclude that the specific controversy alleged in a motion for judgment is covered by an arbitration clause in a limited partnership agreement, we will reverse the judgment of the circuit court.

FACTS AND MATERIAL PROCEEDINGS

The appellee, Donald E. Hudson, and the appellant, Benjamin B. Weitz, were general partners in a limited partnership formed under the laws of the State of Maryland and known as Leesburg Manor Associates Limited Partnership (Leesburg Manor).[2]  Weitz also served as the managing

---

[1] In pertinent part, Code § 8.01-581.016 authorizes an appeal from "[an] order denying an application to compel arbitration made under § 8.01-581.02."

[2] Leesburg Manor originally had two other general partners.

general partner.[3]  The limited partnership agreement,

entered into in April 1972, contained two provisions that

are at issue in this appeal.  The first provision,

paragraph 20, addresses the arbitration of disputes:

> Any dispute or controversy arising under,
> out of, in connection with, or in relation to
> this Agreement, and any amendments or proposed
> amendments hereto, shall be determined and
> settled by arbitration in Baltimore, Maryland
> pursuant to the Rules of the American Arbitration
> Association then obtaining.  Any award rendered
> therein shall be final and binding upon the
> parties hereto, and judgment may be entered
> thereon in any court of competent jurisdiction.

The second relevant paragraph, number 16(b),

establishes the order of distributing proceeds from the

liquidation of Leesburg Manor's assets.  That paragraph

provides that, after the payment of all debts and

liabilities, such proceeds shall be applied

> [t]o the setting up of any reserves which
> the General Partners or special liquidator may
> deem reasonably necessary for any contingent or
> unforeseen liabilities or obligations of the
> Partnership or of the General Partners arising
> out of or in connection with the Partnership or
> its liquidation.

In February 1999, Leesburg Manor sold its principal

asset, an apartment complex.  A distribution of the

---

[3] Paragraph 9(i) of the partnership agreement states
that "[t]he General Partners may . . . designate one
General Partner as the Managing General Partner, who shall
have and may exercise all of the powers of the General
Partners, as if he were the sole General Partner."

2

proceeds from that sale indicated that Hudson was to receive the sum of $51,884. However, Weitz allegedly withheld Hudson's share of the proceeds and placed the money in an "interest bearing escrow account," telling Hudson that he had done so to assure "that [Hudson's] indemnification liability to [Weitz and another general partner] will be met in small part."

Hudson then filed a motion for judgment against Weitz, alleging wrongful conversion and misappropriation of Hudson's share of those sale proceeds. Hudson alleges that Weitz's decision to escrow those funds has nothing to do with Leesburg Manor. Instead, he claims that Weitz acted in retaliation against Hudson because of Hudson's cooperation with limited partners in other partnerships in which both Hudson and Weitz were general partners. Therefore, Hudson contends that Weitz illegally converted the funds.

Pursuant to Code § 8.01-581.02(A), Weitz filed an application to compel arbitration.[4] At a subsequent hearing

_____

[4] Code § 8.01-581.02(A) provides that

[o]n application of a party showing an agreement described in § 8.01-581.01, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration. However, if the opposing party denies the existence of the agreement

3

on Weitz's application, the court declined to receive any evidence, but heard argument of counsel. During that hearing, the court indicated that it would grant the application if Weitz agreed that he would not present any affirmative defenses to the arbitrator or explain why he escrowed the funds. The court stated:

> [I]f Mr. Weitz will agree for purposes of this suit that his sole defense is he was acting within his authority under the agreement . . . then I'll send it to arbitration.
>
> But if he wants to argue other things[,] . . . about six or seven . . . affirmative defenses[,] . . . then the motion for arbitration is denied . . . .

The court opined that Weitz's assertion that he escrowed the funds because he was afraid that Hudson would move to Florida and leave Weitz solely responsible for the partnership's liabilities has nothing to do with the partnership agreement.[5]

_____

to arbitrate, the court shall proceed summarily to the determination of the issue of the existence of an agreement and shall order arbitration only if found for the moving party.

[5] Prior to the commencement of this action, both Hudson and Weitz, along with another general partner in Leesburg Manor and several other partnerships, were sued jointly and severally in Maryland. Hudson allegedly told Weitz that he was moving his permanent residence from West Virginia to Florida to insulate his personal and marital assets in the event that an adverse judgment should be entered against him in that case. Hudson allegedly stated that, under West Virginia law, spouses' jointly held assets are subject to

4

Weitz declined to limit his defense before the arbitrator.  Accordingly, the court entered an order denying his application to compel arbitration.  Weitz appeals from that order.

ANALYSIS

The dispositive question on appeal is whether the specific controversy alleged in Hudson's motion for judgment is subject to arbitration under paragraph 20 of the partnership agreement.[6]  Hudson answers this question in the negative because he claims that this case is just about the conversion or misappropriation of funds and that the arbitration clause does not encompass intentional torts.  According to Hudson, the dispute is not between two general partners.  Instead, Hudson asserts that the controversy is between two individuals who were general partners in several partnerships, and involves an act of revenge or "self-help personal financial protection" by Weitz.

_____

the claims of either spouse's judgment creditors, whereas under Florida law, they are not.  Hudson allegedly did move his legal residence to Florida.

[6] After Weitz filed his notice of appeal to this Court, Hudson moved for leave to amend his motion for judgment. Although the circuit court granted that motion, the allegations with regard to additional sums of money withheld by Weitz were not before the court when it denied the application to compel arbitration.  Consequently, we will not consider Hudson's allegations in his amended motion for judgment in the disposition of this appeal.

5

Finally, Hudson argues that there is no provision of the partnership agreement to which the parties must refer in order to resolve the dispute alleged in the motion for judgment.  We do not agree with Hudson's arguments.

As we have said previously, a party cannot be compelled to arbitrate a question that is not arbitrable under the agreement between the parties.  Doyle & Russell, Inc. v. Roanoke Hosp., Assoc., 213 Va. 489, 494, 193 S.E.2d 662, 666 (1973).  "[T]he extent of the duty to arbitrate, just as the initial duty to arbitrate at all, arises from contractual undertakings."  Id.  Thus, we begin our analysis of the question before us by considering the language of the parties' contract, specifically paragraph 20 of the partnership agreement.

According to the terms of that paragraph, the parties agreed to arbitrate "[a]ny dispute or controversy" that arises either "under, out of, in connection with" or "in relation to" the partnership agreement.  This Court has described language that is strikingly similar to, and perhaps even less expansive than, the terms of paragraph 20 as "very broad in its coverage."  Waterfront Marine Constr., Inc. v. North End 49ers Sandbridge Bulkhead Groups A, B and C, 251 Va. 417, 426, 468 S.E.2d 894, 899 (1996) (citing McMullin v. Union Land & Mgmt. Co., 242 Va.

6

337, 341, 410 S.E.2d 636, 639 (1991)). In McMullin, the contract language required arbitration of "[a]ny claim or controversy arising out of or relating to" the parties' agreement. 242 Va. at 340, 410 S.E.2d at 638. In discussing the arbitration clause in McMullin, we stated that " '[b]road language of this nature covers contract-generated or contract-related disputes between the parties however labeled.' " 242 Va. at 341, 410 S.E.2d at 639 (quoting Maldonado v. PPG Indus., Inc., 514 F.2d 614, 616 n.6 (1st Cir. 1975)). We further recognized that " '[a]n arbitration clause covering claims "relating to" a contract is broader than a clause covering claims "arising out of" a contract.' " 242 Va. at 341, 410 S.E.2d at 639 (quoting International Talent Group, Inc. v. Copyright Management, Inc., 629 F. Supp. 587, 592 (S.D.N.Y. 1986)).

Based on our prior cases and the terms employed in paragraph 20, we conclude that the specific controversy alleged in the motion for judgment is a dispute "in relation to" the partnership agreement. Hudson alleges that Weitz converted funds belonging to Hudson, but Weitz asserts that he had a right, as the managing general partner, to escrow those funds from the sale of Leesburg Manor's asset. Weitz relies on paragraph 16(b) as the source of his authority. That provision authorizes a

7

reserve fund to be set up "for any contingent or unforeseen liabilities or obligations of the Partnership or of the General Partners arising out of or in connection with the Partnership or its liquidation." Thus, to resolve the controversy, paragraph 16(b) will need to be construed or applied to determine whether Weitz converted the funds at issue or properly escrowed them. See McMullin, 242 Va. at 342, 410 S.E.2d at 639 (because parties had to refer to agreement to resolve controversy, dispute was one "relating to" agreement).

CONCLUSION

For these reasons, we conclude that the circuit court erred in denying Weitz's application to compel arbitration. Accordingly, we will reverse the judgment of the circuit court and remand for further proceedings consistent with this opinion and in accordance with the Uniform Arbitration Act, Code §§ 8.01-581.01 through -581.016.[7] On remand, the circuit court must determine whether any new issues raised in the amended motion for judgment are subject to arbitration, and if not, whether they are severable or subject to the stay. See Code § 8.01-581.01 through -581.016.

---

[7] In light of our decision, we do not reach Weitz's remaining assignment of error.

8

<u>Reversed and remanded</u>.