# CIRCUIT COURT OF THE CITY OF RICHMOND

FN Holdings, L.L.C.,
f/k/a FoodNet Holdings, L.L.C.

v.

MFM Holdings, Inc.,
a New York corporation,
MFM Holdings, Inc.,
a Virginia corporation,
Francis C. Cardamone,
Michael Cardamone,
and Michael C. Cardamone

June 20, 2006

Case No. CL06-1811-1

BY JUDGE MELVIN R. HUGHES, JR.

In this case, Plaintiff, the owner and operator of Dominic of New York restaurants and owner of the Dominic of New York trademark has brought suit against the operator and two principals of Dominic of New York franchises seeking, *inter alia*, declaratory, accounting, and damages relief under contracts between the parties. The claims concern an alleged unauthorized assignment of rights and obligations under a license agreement to another entity with which the individual Defendants are associated. Defendants have filed a Motion and Application to Compel Arbitration and Stay. Plaintiff opposes.

FoodNet Franchising, not a party here, and some of the Defendants are currently in arbitration pursuant to a contract, which contains an arbitration provision. Defendants argue that, even though the contracts sued upon here do not have arbitration provisions, the court should order this case be consolidated with the current arbitration proceeding involving Defendants and the non-party because this case involves common questions of facts and law that arise out of the same transactions and occurrences. Plaintiff resists, arguing mainly, as Defendants acknowledge, that there is no contract to arbitrate.

The court believes that, despite Defendants' arguments that arbitration is a favored method for resolution of commercial disputes and the relatedness, there is no authority for this in the absence of contract. Plaintiff is a non-signatory to the contracts involved in the arbitration proceeding involving Defendants and the related party, FoodNet. A party cannot be compelled to arbitrate absent a contractual commitment to do so. *Weitz v. Hudson*, 262 Va. 224, 228, 546 S.E.2d 732, 734 (2001) (citing and quoting *Doyle & Russell, Inc. v. Roanoke Hosp. Assoc.*, 213 Va. 489, 494, 193 S.E.2d 662, 666 (1973)). The claims asserted here are simply not subject to arbitration.

For these reasons, the court will deny Defendants' Motion and Application to Compel Arbitration and Stay.